## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

IN RE: SUBPOENAS 2019R00561-A0001    **Case No. 1:20mc00013**
THROUGH 2019R00561-A0036         **<u>MEMORANDUM OPINION</u>**

This matter is before the court on the Government's Second Motion To Compel Compliance, (Docket Item No. 23) ("Motion"), filed by the United States seeking to enforce compliance with certain subpoenas served on Orexo US Inc., ("Orexo"). The Motion was heard by the undersigned on May 6, 2022. Based on the arguments and representations of counsel, and for the reasons set out below, the Motion will be granted in part.

Pursuant to 18 U.S.C. § 3486, the Government served 36 administrative subpoenas upon the Custodian of Records for Orexo on July 14, 2020. (Docket Item No. 1-1) ("Subpoenas"). By Memorandum Order entered on February 12, 2021, (Docket Item No. 17), the court granted the Government's Motion To Compel Compliance and ordered the parties to submit an agreed schedule for Orexo's full compliance with the Subpoenas. By Order entered March 1, 2021, the court ordered that Orexo fully comply with the Subpoenas by April 23, 2021. This Order stated, in part:

> On or before April 23, 2021, for each record withheld based upon a claim of privilege, work product doctrine, or any other protection from production, [Orexo shall] provide to the United States written documentation:
>     a.    Identifying the record in writing, including the Document ID Number;

       b.     Identifying the Subpoena(s) for which the record is responsive;

       c.     State the privilege, work product doctrine, or other protection from production relied upon for withholding the Record; and

       d.     Stating facts necessary to support the claim of privilege, work product protection, or other protection in sufficient detail to allow an assessment of its validity.

(Docket Item No. 18 at 1-2.)

According to the Motion, Orexo sent the Government a privilege log containing 3,581 entries related to the Subpoenas. This privilege log was attached to the Motion as Attachment 1. (Docket Item No. 27.) Orexo subsequently attached an amended privilege log to its response in opposition to the Motion. (Docket Item No. 32) ("Privilege Log").

At the May 6 hearing, the Government conceded that the Privilege Log addressed some of the issues raised in the Motion. The Government continues to argue that the Privilege Log is deficient as follows:

1.     A number of entries list "chain emails" but do not specify each individual document withheld, nor does it specifically list any attachments;

2.     A number of entries state that the documents were withheld because they were "reflecting legal advice," but they did not state that the documents contained legal advice or information provided to counsel to obtain legal advice; and

3.      A number of entries fail to identify the sender and recipient(s) of the
document withheld.

In federal court proceedings regarding federal law, questions of evidentiary privileges are determined by federal law. *See United States v. Salerian*, 2013 WL 5964358, at *5 (W.D. Va. Nov. 8, 2013). "Federal Rule of Evidence 501 provides that privileges in federal court are to be 'governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.'" *United States v. Dunford*, 14 F.3d 385, 390 (4th Cir. 1998). While the attorney-client privilege is the oldest of the privileges for confidential communications known to the common law, *see Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981), the Fourth Circuit has held that it is to be narrowly construed and recognized only to the limited extent that excluding relevant evidence has a superior public good because it "'impedes the full and free discovery of the truth.'" *In re Grand Jury Subpoena*, 341 F.3d 331, 335 (4th Cir. 2003) (quoting *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998).

The party asserting a privilege has the burden of demonstrating its applicability. *See United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). "There is no presumption that a company's communications with counsel are privileged." *EEOC v. BDO USA, L.L.P,* 876 F.3d 690, 696 (5th Cir. 2017). When claiming the protection of the attorney-client privilege, the proponent of the privilege must satisfy certain procedural and substantive criteria. *See N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 501 (4th Cir. 2011).

Procedurally, the party must "expressly make the claim" and "describe the nature of the documents … in a manner that, without

revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(a)(5)(A). Substantively, a party must show that:

> (1)   the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or is his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Jones*, 696 F.2d at 1072 (quoting *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357, 358-59 (D. Mass. 1950)).

*Interbake Foods, LLC*, 637 F.3d at 501-02. When a party relies on a privilege log to assert a privilege, the log must "as to each document … set[ ] forth specific facts that, if credited, would  suffice to establish each element of the privilege … that is claimed." *Bowne of N.Y.C., Inc.. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D. N.Y. 1993).

The Government in this case asserts that Orexo's Privilege Log is deficient in meeting its procedural obligations. In particular, the Government argues that Orexo's Privilege Log fails to identify each document withheld from production under its claim of privilege in a sufficient manner that the Government may properly assess that claim. The first category of Privilege Log entries that the Government asserts is deficient is the entries that list "chain emails" but do not specify each individual document withheld, nor do the entries specifically list any attachments. An example of such an entry can be found near the bottom of the first page of the

Privilege Log. (Docket Item No. 32 at 2.) This entry is identified by Privilege Log ID as "Orexo.US.Privilege-0000011" and is listed as an "eMail" by the date and time of "4/15/2013 20:36." Under "Privilege Description," the Privilege Log for this entry states: "Chain email with attachments reflecting legal advice from/to Orexo outside counsel re: research grants and registration fees." Another example of such an entry is found at the bottom of the fourth page of the Privilege Log. (Docket Item No. 32 at 5.) This entry is identified by Privilege Log ID as "Orexo.US.Privilege-0000054" and is listed as an "eMail" by the date and time of "7/9/2014 17:37." Under "Privilege Description," the Privilege Log for this entry states: "Chain email with attachments reflecting legal advice from/to Orexo outside counsel re: prescription information relating to Zubsolv." Under "Privilege Log - Subject/Title" it states: "RE: Happy 4th." A third example of such an entry is found near the bottom of the sixth page of the Privilege Log. (Docket Item No. 32 at 7.) This entry is identified by Privilege Log ID as "Orexo.US.Privilege-0000058" and is listed as an "eMail" by the date and time of "8/18/2014 13:34." Under "Privilege Description," the Privilege Log for this entry states: "Chain email with attachments reflecting legal advice from/to Orexo outside counsel re: Weekly performance and Zubsolv prescription reports." Under "Privilege Log - Subject/Title" it states: "Zubsolv Weekly Performance – Week ending 8/8/14." The author/sender's email address listed does not clearly identify the author/sender as legal counsel, and the email went to 29 recipients at Orexo email addresses, one outside counsel and one person, whose email address or affiliation is not listed. The Privilege Log appears to contain a number of similar entries as this one, with only the date of the Weekly Performance report being different.

"Generally, each e-mail within a particular line of discussion must be analyzed separately for privilege purposes." *Interbake Foods, LLC*, 637 F.3d at 503 (citing *In*

*re Universal Serv. Fund Tel. Billing Practices Litig.,* 232 F.R.D. 669, 672-74 (D. Kan. 2005)).  The Privilege Log entries by Orexo for its "chain emails" would be sufficient only if *every* email in the chain and *every* attachment to these emails qualified as privileged for the reasons stated in the entry. *See Phillips v. C. R. Bard, Inc*., 290 F.R.D. 615, 641-42 (D. Nev. 2013) (emails that were part of an email chain that are not privileged in and of themselves should be produced). The Government has asserted that there are no redacted documents in the production Orexo made, and it argues that this fact suggests that Orexo has withheld entire email chains, and their attachments, even if only a portion of the chain qualifies as privileged. The court's brief cursory review of the Privilege Log, including the examples listed above, would tend to support the Government's argument. For instance, it is difficult to imagine how an original email with the subject line "RE: Happy 4th" contained privileged material. Furthermore, to be covered by the attorney-client privilege, a communication must have been made *primarily* for legal advice, not for business advice. *See Mr. Dee's Inc. v. Inmar, Inc.*, 2021 WL 3861839, at *4 (M.D. N.C. Aug. 30, 2021); *McAirlaids, Inc. v. Kimberly-Clark Corp*., 2014 WL 12782814, at *4 (W.D. Va. Sept. 26, 2014). As stated above, a number of the chain emails listed on the Privilege Log appear to have originally distributed weekly sales figures.

Based upon the above, I will require that Orexo amend its Privilege Log regarding these chain emails. While I will not require each email and attachment to be listed individually, I will require Orexo to clarify that it is asserting that each email in each chain and each attachment included in each chain is privileged based on the description provided. If this is not so, I will order that Orexo update its production to produce any nonprivileged emails or attachments contained in these chains.

The Government also asserts that the Privilege Log is deficient in that many entries do not state that the withheld document contains legal advice or information shared with counsel to obtain legal advice. *See Jones*, 696 F.2d at 1072. Instead, the Privilege Log lists many documents "reflecting legal advice." The Privilege Log also contains documents described as "Memo prepared at direction of counsel," "Contract prepared at direction of counsel," or "Agreement prepared at direction of counsel." While it is possible that a document "reflecting legal advice" could contain privileged information, it appears that Orexo purposefully used this language to convey a separate category of document in that other entries clearly state that a document was withheld because it was a document "discussing legal advice from counsel," "containing legal advice," "providing legal advice," "containing request for legal advice," or "seeking legal advice."

While Orexo's counsel, at the hearing, asserted that every document on the Privilege Log had been reviewed by counsel for privilege, he could not, however, confirm that the word "reflecting" had been used synonymously with "containing." *See McAirlaids, Inc.*, 2014 WL 12782814, at *4 (using term "reflecting" legal advice sufficient on privilege log when counsel confirms the term was used synonymously with "conveying," "providing" or "relaying" legal advice). That being the case, I will order that Orexo must update the Privilege Log to confirm that the documents withheld from production because they reflect legal advice actually contains legal advice or information shared with counsel to obtain legal advice.

I also will order that Orexo update the Privilege Log to confirm that the documents withheld because they were "prepared at direction of counsel" actually contain legal advice or information shared with counsel to obtain legal advice. While a document prepared at the direction of counsel may contain legal advice, it also

may not. For instance, if Orexo sought legal advice regarding the drafting of a contract or agreement, the information shared to seek such advice and the advice itself would be protected, but not the final document if it were put into use.

The Government also argues that the Privilege Log is deficient in that it does not list the author/sender or recipient(s) for many of the documents withheld. The court's March 1, 2021, Order establishing the privilege review protocol states:

> … [F]or each record withheld based upon a claim of privilege, work product doctrine, or any other protection from production, provide to the United States written documentation:
>
> a.    Identifying the record in writing, including the Document ID Number;
>
> b.    Identifying the Subpoena(s) for which the record is responsive;
>
> c.    Stating the privilege, work product doctrine, or other protection from production relied upon for withholding the Record; and
>
> d.    Stating facts necessary to support the claim of privilege, work product protection, or other protection from production in sufficient detail to allow an assessment of its validity.

(Docket Item No. 18 at 1-2.) While this Order does not explicitly require that the author/sender and/or recipient(s) of each withheld document be listed on the privilege log, it does require that sufficient facts be provided for each document withheld to allow the Government to assess the validity of the privilege claim.

As stated above, the party asserting a document is protected from production by the attorney-client privilege has the burden of demonstrating its applicability, including showing that the privilege has not been waived by providing it to a third

party. *See Jones*, 696 F.2d at 1072. For the privilege to apply, the communication must have been made in confidence. *See Hawkins*, 148 F.3d at 384. Any disclosure of privileged information that is inconsistent with maintaining the confidential nature of the attorney-client information waives the attorney-client privilege. *See Jones*, 696 F.2d at 1072. A voluntary disclosure by the client to a third-party will waive the privilege for all other communications relating to the same subject matter. *See Jones*, 696 F.2d at 1072. For communications, the identities of author/sender and the recipients, thus, are necessary to allow the Government to assess the validity of the privilege claim. For documents that are not communications, i.e., contracts, agreements or presentations, the identity of the author or custodian of the document is necessary to assess the validity of the privilege claim. Therefore, I will order that Orexo update the Privilege Log to identify the author/sender/custodian of each document listed and any recipient of the document.

An appropriate Order will be entered.

**ENTERED:**    May 26, 2022.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE